# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **OLLIE PERRYMAN** <br> *On behalf of himself and all others similarly situated* <br><br> **Plaintiff,** <br><br> v. <br><br> **INGRAM DISTRIBUTION MANAGEMENT, INC.** *A Tennessee Corporation,* **INGRAM BOOK GROUP, LLC,** *A Tennessee Limited Liability Company*, **LIGHTNING SOURCE, LLC,** *A Delaware Limited Liability Company* <br><br> **Defendantss.** | **Civil Action, Case No.:** _____ <br><br> **JURY DEMANDED** |

## VERIFIED COMPLAINT FOR VIOLATION OF
## THE FAIR LABOR STANDARDS ACT

**COMES NOW** the Plaintiff, Ollie Perryman (hereinafter referred to as "Mr. Perryman," or "Plaintiff") on behalf of himself and all others similarly situated, by and through counsel, and for his Complaint against Defendants, Ingram Distribution Management, Inc., Ingram Book Group, LLC, and Lightning Source, LLC ( "Lightning") states as follows:

## NATURE OF THE COMPLAINT

1. Mr. Perryman, on behalf of himself and all others similarly situated, brings a cause of action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Mr. Perryman, on behalf of himself and all others similarly situated, brings this action against Defendants for unpaid overtime compensation and related penalties and damages.

3. Mr. Perryman is a former employee of Defendants who alleges that Defendants failed and refused to pay him and those similarly situated to him the statutory required overtime premium for all hours worked over forty in a designated work week.

4. Defendants' practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Mr. Perryman, on behalf of himself and all others similarly situated, seeks declaratory relief, overtime premiums for all hours worked over forty in any given work week required, suffered, or permitted by Defendants, liquidated and/or other damages as permitted by applicable law; attorneys' fees, costs, and expenses incurred in this action.

5. Defendants' practice and policy is, and has been since on or about November 2015 to willfully fail and refuse to pay an overtime premium due and owing to Mr. Perryman and all others similarly situated in violation of the FLSA.

6. Defendants institutes and carries out an unlawful policy and practice of refusing to pay Mr. Perryman and all others similarly situated overtime for all hours worked in any given work week over forty, notwithstanding the fact that they are non-exempt employees entitled to an overtime premium under the FLSA.

7. Additionally, Mr. Perryman was terminated in retaliation for engaging in protected activity under the FLSA, in violation of the FLSA and seeks related penalties and damages.

## PARTIES

8. Mr. Perryman is an adult resident of Antioch, Davidson County, Tennessee.

9. Mr. Perryman was an employee of Defendants for FLSA purposes.

10. Defendant Ingram Distribution Management, Inc. d/b/a Ingram Distribution Management, LLC is registered to do business in the State of Tennessee. Ingram Distribution Management, Inc.'s principal office is in La Vergne, Tennessee. Ingram Book Group, LLC may

be served through its Registered Agent Eleanor G. McDonald at 4400 Harding Pike Nashville, Tennessee 37205-2204. At all relevant times complained of herein, Defendants was an employer under 29 U.S.C. § 203(e)(1).

11. Defendant Ingram Book Group, LLC is a Limited Liability Company registered to do business in the State of Tennessee. Ingram Book Group, LLC's principal office is in La Vergne, Tennessee. Ingram Book Group, LLC may be served through its Registered Agent Eleanor G. McDonald at 4400 Harding Pike Nashville, Tennessee 37205-2204. At all relevant times complained of herein, Defendants was an employer under 29 U.S.C. § 203(e)(1).

12. Defendant Lightning Source, LLC is a Limited Liability Company registered to do business in the State of Delaware. Lightning Source, LLC's principal office is in La Vergne, Tennessee. Lightning Source, LLC may be served through its Registered Agent Eleanor G. McDonald at 4400 Harding Pike Nashville, Tennessee 37205-2204. At all relevant times complained of herein, Defendants was an employer under 29 U.S.C. § 203(e)(1).

## JURISDICTION AND VENUE

13. This action for damages is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* This Court has federal question subject matter jurisdiction pursuant to 29 U.S.C. §§ 216(b) and 217.

14. Defendants are legal entities and have sufficient minimum contacts with the State of Tennessee such that they are subject to service of process in Tennessee. Therefore, this Court has personal jurisdiction over Defendants.

15. Defendants do business in the Middle District of Tennessee. Furthermore, a substantial part of the events giving rise to Mr. Perryman's, and those similarly situated, claims occurred in

the Middle District of Tennessee. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Middle District of Tennessee.

## REPRESENTATIVE ACTION ALLEGATIONS

16. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants nationwide as hourly employees with a shift differential within three years from the commencement of this action who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

17. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff, Mr. Perryman, the Representative Plaintiff, because the claims of Plaintiff are similar to the claims of the plaintiffs of the representative action.

18. Mr. Perryman is similarly situated to the putative members of the collective employees for Defendants, had substantially similar job requirements and pay provisions, and was subject to Defendants' common practice, policy, or plan of refusing to pay employees for all hours worked and of refusing to pay overtime in violation of the FLSA.

## FACTUAL BACKGROUND

19. Defendants employed Mr. Perryman, with Mr. Perryman's employment beginning in approximately April 2017.

20. Ingram Distribution Management, Inc. is listed as the employer on Mr. Perryman's paystub.

21. "Ingram Content Group/Lightning Source" is listed as the employer on Mr. Perryman's separation notice.

22. Defendants hired Mr. Perryman to work as a Shipping Clerk.

23. Defendants paid Mr. Perryman and those similarly situated hourly employees on an hourly rate basis.

24. Mr. Perryman and those similarly situated regularly worked more than forty (40) hours per week.

25. Mr. Perryman worked between approximately forty-one (41) and sixty (60) hours per week in an average workweek.

26. Mr. Perryman and those similarly situated were paid an hourly rate and an overtime premium for hours worked over forty (40) in a workweek.

27. Mr. Perryman and those similarly situated were paid a shift differential in addition to their regular hourly rate.

28. Defendants failed to include the shift differential to calculate the regular rate to calculate the proper overtime premium.

29. Defendants failed to properly compensate Mr. Perryman and those similarly situated for their overtime work.

30. Mr. Perryman reported Defendants' failure to include the shift differential when calculating the overtime premium to Human Resources.

31. Defendants never corrected their incorrect pay practices.

32. Mr. Perryman and all others similarly situated were non-exempt employees.

33. Defendants failed to properly compensate Mr. Perryman and all others similarly situated for their overtime work.

34. Defendants failed to include the shift differential when calculating the overtime premium.

35. Therefore, Mr. Perryman and those similarly situated have suffered damages for Defendants' failure to include the shift differential when calculating the overtime premium and Defendants did not properly pay overtime compensation under the FLSA.

<u>Mr. Perryman was terminated in retaliation for reporting and complaining about Defendants' violation of the Fair Labor Standards Act.</u>

36. Mr. Perryman reported Defendants FLSA violations to Human Resources.

37. Mr. Perryman reported that his overtime premium was incorrect.

38. Further, Mr. Perryman reported FLSA violations to his co-workers.

39. Additionally, Mr. Perryman discussed his intent to file a lawsuit against Defendants with his co-workers and encouraged his co-workers to reach out to an attorney.

40. When Mr. Perryman discussed filing a lawsuit against Defendants with his co-workers, Mr. Perryman engaged in protected activity.

41. Merely days after engaging in protected activity with his co-workers, Defendants terminated Mr. Perryman.

42. Mr. Perryman's termination was in retaliation for reporting and complaining about the FLSA violation.

43. Defendants do not have a legitimate, non-discriminatory reason for terminating Mr. Perryman.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

44. Mr. Perryman and all others similarly situated re-allege and incorporate herein the allegations contained in Paragraphs 1 through 43 as they were set forth fully herein.

45. Upon information and belief, at all relevant times, Defendants has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

46. Upon information and belief, at all relevant times, Defendants employed "employee[s]," including Mr. Perryman and all others similarly situated.

47. Upon information and belief, at all relevant times, Defendants had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

48. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

49. Mr. Perryman and all others similarly situated are not exempt from the right to receive overtime pay.

50. Defendants paid Mr. Perryman and all others similarly situated at an hourly rate plus a shift differential.

51. Because Defendants paid Mr. Perryman and all others similarly situated hourly rates, they could not qualify as exempt employees.

52. Defendants was required to pay Mr. Perryman and all others similarly situated overtime compensation for all hours worked in excess of forty (40) within a workweek.

53. The overtime compensation for all hours worked in excess of forty was to include a shift differential.

54. The shift differential was not added to the hourly rate to determine the regular rate to calculate the proper overtime premium.

7

55. Defendants failed to include the shift differential when calculating the overtime premium.

56. As a result of Defendants' failure to compensate Mr. Perryman and all others similarly situated for all hours worked and to compensate them at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty (40) hours in a workweek, Defendants violated, and continues to violate, the FLSA, including 29 U.S.C. § 207(a)(1).

57. The foregoing conduct, as alleged, constitutes a willful violation and lack of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that its compensation practices were in violation of the law.

## COUNT II

### RETALIATION IN VIOLATION OF THE FLSA

58. Mr. Perryman and all others similarly situated re-allege and incorporate herein the allegations contained in Paragraphs 1 through 57 as they were set forth fully herein.

59. Mr. Perryman reported violations of the FLSA to Human Resources.

60. Mr. Perryman reported violation of the FLSA in conversations with his co-workers.

61. Mr. Perryman reported to his co-workers that he was not being properly compensated for his overtime hours.

62. Mr. Perryman reported to his co-workers that he was considering filing a lawsuit due to the FLSA violation.

63. Mr. Perryman engaged in protected activity when he reported and/or complained of pay violation of Defendants.

64. As a result of engaging in this protected activity, Defendants terminated Mr. Perryman in violation of 29 U.S.C. § 215(a)(3).

65. Mr. Perryman was terminated less than a week after he informed his co-workers of the FLSA pay violations and discussed his intent to file a lawsuit against Defendants.

66. Mr. Perryman can show that any proffered legitimate, non-discriminatory reason for termination is pre-text.

67. Defendants' violation of the law was not a good faith error under 29 U.S.C. § 260.

68. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Perryman and all others similarly situated prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Judgement against Defendants that its violations of the FLSA were willful;

3. Pre-Judgment and Post-Judgment interest, as provided by law;

4. An award of money damages for unpaid wages, including liquidated damages, pre-judgment and post-judgment interest, front pay, back pay and compensatory damages, and penalties in an exact amount to be determined at trial;

5. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

6. Designation of Plaintiff Mr. Perryman as Representative Plaintiff of the putative members of the FLSA representative action;

7. Award him costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

8. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

**DEMAND FOR JURY TRIAL**

Mr. Perryman hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Dated: December 7, 2018　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　s/ Alan G. Crone
　　　　　　　　　　　　　　　　　　　　　　Alan G. Crone, TN Bar No. 014285
　　　　　　　　　　　　　　　　　　　　　　Laura Ann E. Bailey, TN Bar No. 027078
　　　　　　　　　　　　　　　　　　　　　　THE CRONE LAW FIRM, PLC
　　　　　　　　　　　　　　　　　　　　　　88 Union Avenue, 14th Floor
　　　　　　　　　　　　　　　　　　　　　　Memphis, TN 38103
　　　　　　　　　　　　　　　　　　　　　　800.403.7868 (voice)
　　　　　　　　　　　　　　　　　　　　　　901.737.7740 (voice)
　　　　　　　　　　　　　　　　　　　　　　901.474.7926 (fax)
　　　　　　　　　　　　　　　　　　　　　　acrone@cronelawfirmplc.com
　　　　　　　　　　　　　　　　　　　　　　lbailey@cronelawfirmplc.com

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

10

Case 3:18-cv-01358　　Document 1　　Filed 12/07/18　　Page 10 of 11 PageID #: 10

# DECLARATION AND VERIFICATION IN SUPPORT OF COMPLAINT

I, Ollie Perryman, verify and declare that the facts stated int eh forgoing Complaint for violation of the Fair Labor Standards Act are true to the best of my knowledge and belief, and that the Complaint was not made out of levity or by collusion with Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

I consent to join and authorize my attorneys to file this Complaint as a collective action pursuant to section 216(b) of the Fair Labor Standards Act, and I agree to continue to fulfill the obligations and duties of a representative party, if so certified by the Court.

*Ollie Perryman*
Ollie Perryman

11/17/2018
Date